HaRuis, J.,
delivered the opinion of the Court.
This was an indictment under the statute for disturbing public worship.
Defendants pleaded “Not guilty.” And upon the trial, it was proved that after the services were over and the congregation had been dismissed and began to leave, some being still in the church, some in the churchyard, and others left for home, the defendants, with others, excited and disturbed the congregation by cursing, swearing, fighting and throwing rocks, there then being present a good many gentlemen and ladies.
Upon these facts the defendants, by their counsel, requested the Court to charge the jury, “ That if the worship had closed, and the congregation had been dismissed, and had begun to disperse, part having left the ground at the time the disturbance occurred, then defendants could not be. convicted.”
This the Court refused to charge, but told the jury that if the worship had ceased, and the congregation had been dismissed, that unless a reasonable time had elapsed for the dispersion of the congregation after such dismission, the defendants would be guilty if they done acts calculated to disturb those on the ground.”
The jury found the defendants guilty, and their motions for a new trial and in arrest of judgment were made and overruled by the Court, and judgment pronounced upon the verdict; to reverse which, an appeal in the nature of a writ of error is prosecuted to this Court. The error relied upon is, that *315 the Court erred in refusing to charge as requested, and also in the charge given as above recited.
We do not think so. The act of 1801, ch. 35 § 1, provides, that “ If any person shall interrupt a congregation , assembled for the purpose of worshipping the Deity, such person shall be dealt with as a rioter at common law.” To have, by construction, restricted the provisions of the statute, as the Court was requested, would have done violence both to its letter and spirit. It is obvious, from the language of the statute, that the Legislature did not only intend to protect from disturbance a congregation while actually engaged in worship, but they intended to extend their protection to all “ congregations,” which had “ assembled for the purpose of worshipping,” and this protection continues from the time the congregation assembles until it disperses and ceases to be a congregation. This construction was given to this statute in the case of Lowry vs. The State, during the last Term at Knoxville, which is not reported.
There is no error in this record, and the judgment is affirmed.